## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

EDNA L. VANCE,            )
                         )
          Plaintiff,        )     Civil Action No.: 07-0002 (ESH)
                         )
    v.                    )
                         )
ELAINE CHAO, SECRETARY,   )
U.S. Department of Labor,     )
                         )
         Defendant.     )
                         )
                         )

---

## DEFENDANT'S MOTION TO DISMISS

Defendant Elaine Chao, Secretary of the United States Department of Labor, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's claim in this action on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

In support of this Motion, Defendant respectfully submits the attached memorandum of points and authorities with exhibits, and a proposed order.

Respectfully submitted,

    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division

                                        555 4th Street, N.W. – Room E4212
                                        Washington, D.C. 20530
                                        (202) 514-7139
                                        COUNSEL FOR DEFENDANTS

Of Counsel:

David Pena
Senior Attorney Advisor
United States Department
of Labor
200 Constitution Avenue, NW
Washington, DC 20210

‾‾‾‾‾

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA L. VANCE, ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 07-0002 (ESH) |
| ) | |
| v. ) | |
| ) | |
| ELAINE CHAO, SECRETARY, ) | |
| U.S. Department of Labor, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS

Defendant, Elaine Chao, Secretary of the United States Department of Labor ("DOL"),

respectfully submits the following Memorandum in Support of her Motion to Dismiss.

Dismissal is warranted because Plaintiff cannot establish that she timely filed her Complaint in

this Court. Furthermore, assuming her claim is timely, Plaintiff has failed to state a claim of

retaliation that entitles her to relief. Accordingly, dismissal of the Complaint is proper.

## I.    FACTUAL BACKGROUND

This is the third time Plaintiff has sought to assert claims of discrimination in this Court

against the Defendant. Previously, in 1999, Plaintiff filed a complaint in this Court based on

discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Complaint

("Compl.") ¶ 7;[1] Exhibit ("Ex.") A, Docket Sheet for Civil Action No. 99-1178. While a

---

[1]References to "Compl." are to the Complaint Plaintiff has filed in the present action.

1

tentative settlement was reached in that case, a final agreement was never signed by the parties and the case was dismissed with prejudice by Magistrate Judge Alan Kay.  Ex. A; Ex. B Dismissal Order, dated July 15, 03; Compl. ¶ 7.

Thereafter, in 2002, Plaintiff filed a lawsuit, again pursuant to Title VII, alleging retaliation/reprisal.  Ex. C, Complaint filed in <u>Vance v. Chao</u>, Civil Action No. 02cv2480 (GK). Specifically, Plaintiff contended that she had been presented with a performance appraisal for the period of March 1, 1999 through February 29, 2000, which used standards and elements that had not been presented to her until January 7, 2000.  <u>Id.</u> ¶ 8.  Plaintiff contended that Defendant "further violated [the] procedures for the issuance of performance appraisals by backdating the standards and elements applied to Plaintiff's performance and using incorrect or inappropriate information to rate that performance."  <u>Id.</u> ¶ 9.  According to Plaintiff, Defendant thereafter "reduced Plaintiff's overall performance rating based on the newly issued performance standards and job elements."  <u>Id.</u> ¶ 10.  Plaintiff alleged that these actions were taken "in retaliation and/or reprisal for Plaintiff's participation in protected activity, specifically, the prior filing of an EEO complaint against Defendant."  <u>Id.</u> ¶ 11.  On July 16, 2003, Judge Kessler granted Defendant's motion to dismiss Plaintiff's complaint on the basis that Plaintiff had "failed to comply with the strict ninety day time limit for filing her Complaint . . . ."  Ex. D, Memorandum Opinion & Order, at 5.  Specifically, "Plaintiff's Complaint was not date stamped by the Clerk's Office until December 17, 2002, ninety one days after the final agency decision."  <u>Id.</u> at 3.

In her current Complaint, which is substantially similar to her 2002 Complaint, Plaintiff contends that she was presented with a performance appraisal on or about January 24, 2005 that rated "her performance against standards and elements not yet presented to her."  Compl. ¶ 9.

2

According to Plaintiff, "Defendant violated procedures for the issuance of performance appraisals by altering the standards and elements applied to Plaintiff's performance, using incorrect or inappropriate information to rate that performance, and putting [Plaintiff] on a 90-day performance plan without justification." Id. ¶ 10. Furthermore, Plaintiff contends that she was denied a performance award "even though she qualified for one." Id. Plaintiff asserts that "[t]hese actions were taken against [her] in retaliation and/or reprisal for Plaintiff's participation in a protected activity, specifically the prior filing of an EEO complaint against Defendant and the drawn-out settlement process in that action." Id. ¶ 11.

Plaintiff's complaint should be dismissed because Plaintiff has failed to timely file her Complaint in this Court. Furthermore, Plaintiff has failed to state a claim for retaliation because she has not shown that she suffered materially adverse consequences that would deter a reasonable employee from filing an EEO complaint; and, in any event, there is no causal connection between her alleged protected activity and the current actions of which she complains.

## II.    STANDARD OF REVIEW

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. (citations omitted).

In deciding a motion to dismiss, the Court is at liberty to refer to documents of which the

3

Court may take judicial notice without converting the motion into one for summary judgment.

See Lipton v. MCI Worldcom, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) (noting that court would

take judicial notice of public documents in consideration of a motion to dismiss filed pursuant to

Fed. R. Civ. P. 12(b)(6)); Amons v. District of Columbia, 231 F. Supp. 2d 109, 113 & n.5

(D.D.C. 2002) (noting that "the court may take judicial notice of matters of a public nature, such

as court records, without converting the motion to dismiss into one for summary judgment.")

(internal quotation marks and citations omitted).  Here, because Defendant has only attached

documents of a public nature to its motion, the Court may consider those materials without

converting Defendant's motion into one seeking summary judgment.

## III.    ARGUMENT

### A.    PLAINTIFF FAILED TO TIMELY FILE HER COMPLAINT IN THIS COURT.

Prior to seeking relief in federal court under Title VII, a federal employee must timely

exhaust all available administrative remedies.  See 42 U.S.C. § 2000e-16(c)); 29 C.F.R.

§ 1614.407; Kizas v. Webster, 707 F.2d 524, 544 & n.99 (D.C. Cir. 1983).  Before a complainant

can file a formal discrimination complaint, she must first consult an EEO counselor to try to

resolve the matter informally.  29 C.F.R. § 1614.105(a).  Contact with an EEO counselor must

occur "within 45 days of the date of the matter alleged to be discriminatory or, in the case of

personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).

If the matter is not resolved informally, the complainant may then file a formal complaint against

the agency within 15 days of receipt of notice from the EEO counselor.  29 C.F.R. §

1614.105(d).  Thereafter, the Agency has 180 days to investigate the claim and, at the conclusion

of the investigation, the complainant may request a hearing and a decision from an

4

administrative judge or she may request an immediate final decision from the agency. 29 C.F.R. § 1614.108(f). A complainant who receives an adverse final decision may then appeal to the EEOC within 30 days or may file a civil action in federal district court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. The filing of a civil lawsuit must be within 90 days after receipt of the Agency's final decision. 29 C.F.R. § 1614.407(a).

Courts have strictly enforced the time deadlines throughout the complaint process under Title VII. Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience."); Bayer v. Department of the Treasury, 956 F.2d 330, 332-33 (D.C. Cir. 1992) (although failure to comply with time limits is not a jurisdictional defect, plaintiff bears the burden of pleading and proving sufficient reasons to excuse noncompliance); see Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1994); Carter v. Rubin, 14 F. Supp. 2d 22, 32 (D.D.C. 1998) (holding that federal employees may not file employment discrimination actions outside applicable time deadlines).

As with her prior lawsuit filed in 2002, once again Plaintiff has failed to timely file her complaint in this Court. The Agency issued its final decision denying Plaintiff's administrative complaint on September 28, 2006. Plaintiff states that she received the Agency's decision "on or about October 2, 2006." Compl. ¶ 14. However, counting 90 days from October 2, 2006 would have required Plaintiff to file her complaint on December 31, 2006, which was a Sunday. The following Monday was January 1, 2007, however, because this date was a legal holiday, Plaintiff had until January 2, 2007, to file her Complaint. Fed. R. Civ. P. 6 ("In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the

5

period so computed shall be included, unless it is a . . . legal holiday . . . in which event the

period runs until the end of the next day . . . .").  Plaintiff's complaint was not filed until January

3, 2007.  Thus she cannot assert her claims in this Court.[2]

This result should not come as a surprise to Plaintiff as Judge Kessler previously

dismissed Plaintiff's 2002 Complaint in which Plaintiff alleged a claim of retaliation because

Plaintiff filed her Complaint one day outside of the 90-day time period.  See Ex. D, at 5 ("In

sum, because Plaintiff . . . failed to comply with the strict ninety day time limit for filing her

Complaint, Plaintiff's claims must be dismissed as untimely.") (citations omitted).  See also

Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997) (dismissing as untimely a pro se Title VII

complaint that was filed on the 91st day); Tyler v. Henderson, No. Civ.A. 00-0060, 2001 WL

194930, at *5 (D.D.C. Feb. 22, 2001) (dismissing Title VII action filed on the 94th day).

Accordingly, the Court should dismiss Plaintiff's complaint because she has, once again, failed

to file her Complaint timely.

## B.    PLAINTIFF CANNOT ESTABLISH A CLAIM OF RETALIATION.

Title VII provides, in part, that it is unlawful for an employer to discriminate against an

employee because the employee "has opposed any practice made an unlawful employment

practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42

---

[2]Notably, Plaintiff's Complaint would remain untimely even if she actually received the
Agency's final decision on October 3rd or 4th.  Assuming, she had received the Agency decision
on the 3rd, the 90th day would have been January 1, 2007, again resulting in Plaintiff having to
file on January 2, 2007.  And, even if she had received the decision on October 4th, Plaintiff's
90th day would have been January 2, 2007.  Plaintiff, however, did not filed her Complaint until
January 3, 2007.

U.S.C. § 2000e-3(a).  Title VII's anti-retaliation provision seeks to prevent an employer from

interfering (through retaliation) with an employee's efforts to secure or advance enforcement of

the Act's basic guarantees.  Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2412

(2006).  However, not every action an employer takes after an employee has engaged in

protected activity will be held to constitute retaliation.  "The anti-retaliation provision protects

an individual not from all retaliation, but from retaliation that produces an injury or harm."  Id. at

2414.  Thus, to establish a prima facie case of retaliation or reprisal under Title VII, a plaintiff

must establish that (1) she engaged in protected behavior; (2) the employer took an action

against plaintiff with material consequences such that it would dissuade a reasonable worker

from making or supporting a charge of discrimination; and (3) there is a causal link between the

action and the protected activity.  Rochon v. Gonzales, 438 F.3d 1211, 1219-21 (D.C. Cir. 2006).

Without conceding that Plaintiff can meet the first of the prima facie elements, it is

apparent that she cannot establish the last two elements of her prima facie case of retaliation, and

therefore dismissal is required.  See Totten v. Norton, 421 F. Supp. 2d 115, 120 (D.D.C. 2006)

("If, based on the allegations in the complaint and drawing all inferences consistent with those

allegations in plaintiff's favor, it appears beyond doubt that a Title VII reprisal plaintiff would be

unable to satisfy one or more of these prima facie elements, then the Court must grant

defendant's motion to dismiss.").

Plaintiff cannot establish the second prong of her prima facie case.  To establish this

prong, Plaintiff "must show that a reasonable employee would have found the challenged action

materially adverse, 'which in this context means it well might have dissuaded a reasonable

worker from making or supporting a charge of discrimination."  Burlington N. & Santa Fe Ry.

Co., 126 S. Ct. 2415 (quoting <u>Rochon</u>, 438 F.3d at 1219 (internal quotation marks and other

citation omitted); <u>see also</u> <u>Totten</u>, 421 F. Supp. 2d at 120-21 ("Materially adverse consequences

include those 'affecting the terms, conditions or privileges of employment . . . as well as those

that fall short of ultimate employment decisions.") (citations omitted). Plaintiff can point to no

"materially adverse consequences" that dissuaded her from making or supporting a charge of

discrimination. Specifically, at no time does Plaintiff allege that the failure to present her with

the performance standards to be used in evaluating her performance resulted in a negative job

performance appraisal. Nor does she allege how being placed on a 90-day job performance plan

adversely affected her. Furthermore, while she mentions that she was denied a performance

award in paragraph ten of her complaint, Plaintiff does not include that alleged bonus as forming

the basis of her claim in Count I; she does not seek recovery of the bonus as part of her relief;

nor does she contend that she was automatically entitled to the bonus as a matter of course. In

light of these circumstances, Plaintiff has failed to demonstrate that she suffered any "materially

adverse consequences" that would dissuade a reasonable worker from making or supporting a

charge of discrimination. <u>See, e.g.</u>, <u>Mayers v. Laborers' Health & Safety Fund</u>, 478 F.3d 364,

369 (D.C. Cir. 2007) (holding that retaliation claim "faile[ed] on the merits . . ." because plaintiff

failed to allege that the alleged retaliatory project she was assigned "increased her workload

above and beyond what ordinarily was expected of her."); <u>Totten</u>, 421 F. Supp. 2d at 121

(holding that "[a] single incidence of non-admittance to a federal facility [did] not rise to the

requisite level of 'materiality' . . ." and holding that plaintiff was "unable to meet the

requirement that the challenged action by his employer would dissuade a reasonable worker from

making or supporting a charge of discrimination.").[3]

As it concerns the third prong of her prima facie case of retaliation, there is absolutely no causal connection between Plaintiff's prior protected EEO activity in 1998 and her January 2005 performance appraisal. This seven year lapse of time is too long to permit an inference of causality in this action. See, e.g., Mayers, 478 F.3d at 369 (holding that "the eight or nine-month gap between the final protected activity–either the physician's March 2000 letter or Maryers's April 2000 conversation . . . and the early January 2001 project is far too long.") (citation omitted); Hastie v. Henderson, 121 F. Supp. 2d 72, 80 (D.D.C. 2000), aff'd, No. Civ.A. 00-5423, 2001 WL 793715 (D.C. Cir. June 28, 2001) (holding that "the passage of nearly two years between the events prevents the finding of a causal connection.") (citations omitted); Garrett v. Lujan, 799 F. Supp. 198, 202 (D.D.C. 1992) (holding that a lapse of one year "between plaintiff's EEO activity and the adverse employment decision is too great to support an inference of reprisal.") (citations omitted). Furthermore, concerning the allegedly "drawn out settlement process" relating to her prior claims, Compl. ¶ 11, Plaintiff's 2002 action was dismissed on July 15, 2003. Ex. B. In her filings with the Court concerning her prior claim, Plaintiff indicates that a "settlement in principle" was reached back in 2003. Ex. E, Third Notice Regarding Enforcement of Settlement Agreement, ¶¶ 1, 3. No causal connection can be inferred between

---

[3]Furthermore, it is readily apparent that the receipt of a performance appraisal using standards that had not been presented to her previously did not dissuade Plaintiff from continuing to assert her claims of discrimination. Indeed, after allegedly being the victim of similar reprisal in 2002, Plaintiff has once again filed a lawsuit in 2007 based on a separate allegedly improper appraisal. Therefore, the actions that were allegedly taken against her have not dissuaded her from asserting a charge of discrimination and they lack the materiality required for assertion of a retaliation claim. Cf. Rochon, 438 F.3d at 1220 ("Title VII makes unlawful any act of retaliation by an employer that well might dissuade a reasonable employee from making or supporting a charge of discrimination pursuant to Title VII.").

the reaching of that settlement in 2003 and the alleged retaliation in 2005.  Hastie, 121 F. Supp. 2d at 80 (holding that "the passage of nearly two years between the events prevents the finding of a causal connection.")

Nor do the intermittent settlement discussions that occurred after 2003 support a causal connection.  As noted, the actual settlement in principle and dismissal of Plaintiff's case occurred in 2003.  From the time of the dismissal in 2003 until September 2004, there was apparently no activity in Plaintiff's case.  Ex. A.  Beginning in September 2004, Plaintiff filed several notices to the Court regarding the fact that the settlement had not been finalized.  Ex. E. After the filing of such a notice in November 2004, there again appears to have been no activity in the case until the filing of Plaintiff's "Third Notice Regarding Enforcement of Settlement Agreement" on June 1, 2005.  Ex. E.[4]  However, these intermittent settlement discussions, assuming they did occur with the Agency,[5] do not provide a causal connection between Plaintiff's alleged protected activity and her current allegations of reprisal, because, even if the Court considers the notice filed in November as the alleged protected activity close in time to the alleged retaliation, the two month lapse between the filing of the notice and the alleged

---

[4]There was apparently again no activity from June 1, 2005 until March 15, 2006, when Magistrate Judge Kay scheduled a mediation for April, 2006, which was subsequently postponed.  Ex. A.

[5]The docket sheet indicates that Plaintiff filed three "Notice[s] Regarding Enforcement of Settlement Agreement" in which she contended that the Agency was refusing to finalize the settlement agreement.  Ex. E, ¶ 8.  However, it is not apparent whether the Agency was actively engaged in settlement discussions with Plaintiff throughout the time she alleges.  Rather, it appears that a settlement "in principle" had been reached some time in 2003, yet there were some items to be resolved and the Agency eventually determined that settlement could not be reached. Id. ¶¶ 1, 3; id. at 2.  Nor does plaintiff allege that the officials involved in her performance evaluation process are the same as those involved in the settlement discussions.

retaliation does not support a finding that there is a causal connection.  See, e.g., Baker v. Potter, 294 F. Supp. 2d 33, 41 (D.D.C. 2003) (holding that the "two-month gap" between plaintiff's protected activity in January 1992 and the alleged retaliation in March 1992 was "not sufficient to establish the temporal proximity necessary to show a causal connection.") (citing Kipp v. Missouri Highway & Transportation Comm'n, 280 F.3d 893, 897 (8th Cir. 2002) (holding that "the interval of two months between the complaint and [plaintiff's] termination . . . dilutes any inference of causation . . . .")).  See also Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'") (citations omitted) (emphasis added).  Because Plaintiff cannot demonstrate a causal connection between any alleged protected activity and the alleged retaliation, dismissal is required.

## IV.    CONCLUSION

For the reasons set forth above, Defendant requests that Plaintiff's complaint be dismissed.  Plaintiff has once again failed to file her lawsuit within 90 days of her receipt of the Agency's final decision and her failure to do so precludes her action in this Court.  Furthermore, Plaintiff has failed to state a viable claim of retaliation.  Accordingly, dismissal of the Complaint is required.

Respectfully submitted,


      /s/ Jeffrey A. Taylor                             
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

11

_____ /s/ Rudolph Contreras _____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____ /s/ Michelle N. Johnson _____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

David Pena
Senior Attorney Advisor
United States Department
of Labor
200 Constitution Avenue, NW
Washington, DC 20210

_____

# EXHIBIT A

CASREF, CLOSED, JURY, TYPE-H

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:99-cv-01178-AK

VANCE v. CHAO, et al
Assigned to: Magistrate Judge Alan Kay
Demand: $1,000,000
Cause: 42:2003 Job Discrimination

Date Filed: 05/17/1999
Date Terminated: 03/31/2003
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**EDNA L. VANCE**

represented by **Bryan Anthony Chapman**
601 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
(202) 434-8240
Email: bchapman@baclaw.com
*TERMINATED: 06/14/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa Smith Sanders**
SANDERS & SANDERS
P.O. Box 1429
14452 Old Mill Road
Suite 101
Upper Marlboro, MD 20772-3085
(301) 574-1338
Fax: (301) 574-1435
Email: lisa.sanders@sanderslawfirm.net

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ALEXIS HERMAN**
*Secretary, U.S. Department of Labor*
*TERMINATED: 01/10/2002*

represented by **Marina Utgoff Braswell**
US ATTORNEYS OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Room 10-413
Washington, DC 20530
(202) 514-7226
Fax: (202) 514-8780

Email: Marina.Braswell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Anthony Humphreys**
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 4209
Washington, DC 20530
(202) 514-7238
Fax: 202-616-2296
Email: michael.humphreys@usdoj.gov
*TERMINATED: 01/10/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ELAINE L. CHAO**                    represented by **Marina Utgoff Braswell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/17/1999 | 1 | COMPLAINT filed by plaintiff EDNA L. VANCE; jury demand (bjsp) (Entered: 05/23/1999) |
| 05/17/1999 | | SUMMONS (3) issued to federal party(s) federal defendant ALEXIS HERMAN , and non-parties: U.S. Attorney and U.S. Attorney General. (bjsp) (Entered: 05/23/1999) |
| 06/09/1999 | 2 | ATTORNEY APPEARANCE for federal defendant ALEXIS HERMAN by Michael Anthony Humphries (bjsp) (Entered: 06/10/1999) |
| 07/19/1999 | 3 | ANSWER TO COMPLAINT [1-1] by federal defendant ALEXIS HERMAN . (tw) (Entered: 07/21/1999) |
| 07/20/1999 | | SCHEDULING NOTICE: Meet and Confer Status Conference set for 9:15 9/3/99 before Judge Paul L. Friedman Courtroom 17. (bm) (Entered: 07/20/1999) |
| 08/31/1999 | 4 | JOINT MEET AND CONFER STATEMENT/REPORT PURSUANT TO L.R. 206(d) filed by plaintiff EDNA L. VANCE, federal defendant ALEXIS HERMAN . (bjsp) (Entered: 09/02/1999) |
| 09/03/1999 | | MEET AND CONFER STATUS CONFERENCE before Judge Paul L. Friedman: Case will be sent to Magistrate Judge for all purposes; Case will be sent to mediation for a period of 90 days; Plaintiff's expert report due by 11/2/99; discovery closes 2/2/00; dispositive motions due by 3/15/00; response to dispositive motions due by 4/17/00 . reply to |

| | | |
|---|---|---|
| | | dispositive motions due by 5/3/00 . Reporter: Santa Zizzo (bm) (Entered: 09/03/1999) |
| 09/07/1999 | 5 | SCHEDULING ORDER by Judge Paul L. Friedman referring all purposes to Magistrate Judge ; Case assigned to the Standard track (track two) ; confirming dates set at the meet and confer status conference held 9/3/99; setting forth instructions to counsel. (N) (bm) (Entered: 09/07/1999) |
| 09/07/1999 | 6 | ORDER by Judge Paul L. Friedman : referring case for mediation commencing 9/3/99; Mediation to be concluded by 12/3/99 ; setting forth instructions to counsel and parties. (N) (bm) (Entered: 09/07/1999) |
| 09/07/1999 | | CASE REFERRED to Magistrate Judge Alan Kay for all purposes, including trial. (bcs) (Entered: 09/08/1999) |
| 09/27/1999 | 7 | MOTION (CONSENT) filed by plaintiff EDNA L. VANCE, federal defendant ALEXIS HERMAN for a Court order allowing parties to proceed in front of a United States Magistrate Judge. (bjsp) (Entered: 09/28/1999) |
| 09/29/1999 | | ORDER by Judge Paul L. Friedman granting motion for a Court order allowing parties to proceed in front of a United States Magistrate Judge Kay [7-1] by ALEXIS HERMAN, EDNA L. VANCE (fiat) (N) (bm) (Entered: 09/29/1999) |
| 10/14/1999 | 8 | MOTION filed by federal defendant ALEXIS HERMAN to extend time to submit paper discovery. (tw) (Entered: 10/18/1999) |
| 10/21/1999 | 9 | ORDER by Judge Paul L. Friedman : granting motion to extend time to 11/7/99 to submit response to paper discovery [8-1] by ALEXIS HERMAN (N) (bm) (Entered: 10/21/1999) |
| 12/21/1999 | 17 | MOTION filed by federal defendant ALEXIS HERMAN to extend time to 12/3/99 to conduct mediation. (td) (Entered: 08/02/2002) |
| 12/23/1999 | 10 | ORDER by Judge Paul L. Friedman: granting the parties joint motion for an extension of time to complete mediation; the parties have sixth (60) days from the date of this Order to complete mediation in this matter. (N) (bm) (Entered: 12/23/1999) |
| 05/02/2000 | 11 | ORDER by Magistrate Judge Alan Kay : status hearing set for 4:30 5/12/00 ; (N) (lpp) (Entered: 05/03/2000) |
| 06/05/2000 | 12 | ATTORNEY APPEARANCE for plaintiff EDNA L. VANCE by Lisa Smith Sanders (bjsp) (Entered: 06/06/2000) |
| 06/14/2000 | 13 | NOTICE OF WITHDRAWAL of attorney Bryan Anthony Chapman for EDNA L. VANCE. (cjp) (Entered: 06/15/2000) |
| 07/13/2000 | 14 | SCHEDULING ORDER by Magistrate Judge Alan Kay discovery closes 9/15/00 ; dispositive motions due 10/30/00 ; (N) (lpp) (Entered: 07/13/2000) |
| 11/26/2001 | | SCHEDULING NOTICE: Telephone status conference set for 3:00 PM |

| | | on 1/3/02 before Magistrate Judge Alan Kay. (kk) (Entered: 11/28/2001) |
|---|---|---|
| 01/07/2002 | | SCHEDULING NOTICE: Telephone status conference set for 5:30 PM on 1/16/02 before Magistrate Judge Alan Kay. (kk) (Entered: 01/07/2002) |
| 01/10/2002 | 15 | NOTICE by federal defendant ALEXIS HERMAN to court concerning mail service at United States Attorney's Office. (td) (Entered: 01/11/2002) |
| 01/10/2002 | 16 | SUBSTITUTION OF COUNSEL for federal defendant ELAINE CHAO , substituting for attorney Michael Anthony Humphrey for ELAINE CHAO. (td) (Entered: 01/11/2002) |
| 01/18/2002 | | SCHEDULING NOTICE: Telephone status conference set for 5:00 PM on 2/8/02 before Magistrate Judge Alan Kay. (kk) (Entered: 01/18/2002) |
| 07/02/2002 | | SCHEDULING NOTICE: Telephone Status Conference set for 5:30 PM on 7/16/02 before Magistrate Judge Alan Kay. (kk) (Entered: 07/02/2002) |
| 09/18/2002 | | SCHEDULING NOTICE: Telephone Status Conference set for 4:00 PM on 9/27/02 before Magistrate Judge Alan Kay. (kk) (Entered: 09/19/2002) |
| 10/31/2002 | | SCHEDULING NOTICE: Telephone Status Conference set for 5:00 PM on 12/2/02 before Magistrate Judge Alan Kay. (kk) (Entered: 11/01/2002) |
| 12/12/2002 | | SCHEDULING NOTICE: Telephone Status Conference set for 5:30 PM on 1/28/03 before Magistrate Judge Alan Kay. (kk) (Entered: 12/13/2002) |
| 01/29/2003 | | SCHEDULING NOTICE: Telephone Status Conference set for 10:30 AM on 2/20/03 before Magistrate Judge Alan Kay. (kk) (Entered: 01/29/2003) |
| 02/20/2003 | 18 | SCHEDULING ORDER by Magistrate Judge Alan Kay : dispositive motions due by 3/28/03 ; parties are directed to notify Chambers if this case is resolved prior to the dispositive motions deadline (N) (kk) (Entered: 02/21/2003) |
| 03/31/2003 | 19 | DISMISSAL ORDER by Magistrate Judge Alan Kay : dismissing the case without prejudice for 60 days to permit the parties to finalize their settlement ; directing that any party may, within 60 days from the entry of this Order, reopen this case upon motion approved by this Court ; directing that if no party moves to reopen this case within 60 days, this case shall stand dismissed with prejudice (N) (kk) (Entered: 03/31/2003) |
| 05/30/2003 | 20 | MOTION (CONSENT) filed by plaintiff EDNA L. VANCE to extend time by forty-five days to finalize settlement (aet) (Entered: 06/02/2003) |
| 06/03/2003 | 21 | ORDER by Magistrate Judge Alan Kay : denying consent motion by plaintiff EDNA L. VANCE to extend time by forty-five days to finalize |

| | | settlement; granting the parties an extension of 20 days from the deadline established in the Court's dismissal order, up to and including 6/19/03, to reopen this case upon motion approved by the Court ; directing that if no party moves to reopen this case by 6/19/03, the case will stand dismissed with prejudice (N) (kk) (Entered: 06/05/2003) |
|---|---|---|
| 06/19/2003 | 22 | MOTION filed by plaintiff EDNA L. VANCE to reopen case (aet) (Entered: 06/20/2003) |
| 07/02/2003 | 23 | RESPONSE by federal defendant ELAINE L. CHAO in opposition to motion to reopen case [22-1] by EDNA L. VANCE . (aet) (Entered: 07/07/2003) |
| 07/15/2003 | 24 | DISMISSAL ORDER by Magistrate Judge Alan Kay : denying motion by plaintiff EDNA L. VANCE to reopen case [22-1]; dismissing case with prejudice (N) (kk) (Entered: 07/15/2003) |
| 09/07/2004 | 25 | ENTERED IN ERROR.....NOTICE by EDNA L. VANCE *re enforcement of settlement agreement* (Sanders, Lisa) Modified on 9/8/2004 (nmw, ). (Entered: 09/07/2004) |
| 09/08/2004 | | NOTICE OF CORRECTED DOCKET ENTRY. Document No. 25 was entered in error and counsel was instructed to refile said pleading. (nmw, ) (Entered: 09/08/2004) |
| 09/08/2004 | 26 | NOTICE by EDNA L. VANCE *Regarding Enforcement of Settlement Agreement* (Sanders, Lisa) (Entered: 09/08/2004) |
| 09/13/2004 | | NOTICE that there will be a mediation session held in the chambers of Magistrate Judge Alan Kay (room 1130), to discuss enforcement of the settlement agreement. The mediation will be held on Friday, September 24, 2004, at 10:30. Counsel should contact chambers, at 202-354-3030, if there is a need to reschedule this mediation. Signed by Magistrate Judge Alan Kay on 09/13/04. (DM) (Entered: 09/13/2004) |
| 09/13/2004 | | NOTICE that the mediation session set for September 24, 2004, is changed from 10:30 PM to 2:30 PM, due to a scheduling conflict in chambers. Signed by Magistrate Judge Alan Kay on 09/13/04. (DM) (Entered: 09/13/2004) |
| 10/05/2004 | | NOTICE that the mediation session regarding enforcement of the settlement agreement is now confirmed for October 6, 2004, at 2:30 p.m., in chambers - room 1130. Signed by Magistrate Judge Alan Kay on 10/05/04. (DM) (Entered: 10/05/2004) |
| 11/16/2004 | 27 | NOTICE *Regarding Settlement Enforcement* by EDNA L. VANCE (Sanders, Lisa) (Entered: 11/16/2004) |
| 06/01/2005 | 28 | NOTICE *Regarding Settlement Enforcement* by EDNA L. VANCE (Sanders, Lisa) (Entered: 06/01/2005) |
| 03/15/2006 | | MINUTE ORDER setting a mediation on April 5, 2006, at 10:00 a.m., in room 1130 (chambers) regarding the terms of the settlement in this case. Counsel should notify chambers, at 202-354-3030, if they are not |

| | | |
|---|---|---|
| | | available at this date and/or time. Signed by Magistrate Judge Alan Kay on 03/15/06. (DM) (Entered: 03/15/2006) |
| 04/03/2006 | | MINUTE ORDER postponing conference call with counsel, to discuss settlement, until April 6, 2006, at 3 pm. Call to be initiated by chambers. Signed by Magistrate Judge Alan Kay on 04/03/06. (DM) (Entered: 04/03/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/02/2007 12:35:35 | | | |
| PACER Login: | du5738 | Client Code: | DOJ |
| Description: | Docket Report | Search Criteria: | 1:99-cv-01178-AK |
| Billable Pages: | 3 | Cost: | 0.24 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA L. VANCE,

                    Plaintiff,

        v.

ELAINE L. CHAO, Secretary,
United States Department of Labor,

                    Defendant.

Civil Action No. 99-1178
(AK)

**F I L E D**

**JUL 1 5 2003**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DISMISSAL ORDER

UPON CONSIDERATION of the Plaintiff's Motion to Reopen Case [22] and the

Defendant's Opposition to the Plaintiff's Motion to Reopen Case [23], the entire record in this

case, and pursuant to this Court's Dismissal Order [19] issued on March 31, 2003, it is hereby

**ORDERED** that the Plaintiff's Motion to Reopen Case [22] is **DENIED**.  It is further

**ORDERED** that the case is **DISMISSED with prejudice**.

Dated: July 16, 2003

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

EDNA L. VANCE,
6605 – 16th Street, NW
Washington, DC 20012

        Plaintiff

v.

ELAINE CHAO, Secretary
      U.S. Department of Labor,
200 Constitution Avenue, NW
Washington, DC 200

        Defendant

:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NUMBER  1:02CV02480

JUDGE: Gladys Kessler

DECK TYPE: Employment Discrimination

DATE STAMP: 12/18/2002
        17

**FILED**

**DEC 17 2002**

### COMPLAINT
### (Discrimination in Employment, Retaliation)

    Plaintiff, EDNA VANCE ("Plaintiff"), brings this action pursuant to Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") to

redress deprivation of rights secured by federal law which prohibit discrimination and/or

retaliation against federal employees because of one's race, color, age, or gender.

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 42 U.S.C. §2000e-5(f)(3).

2.     Plaintiff was, and still is, at the time of the retaliation working in

Washington, D.C. at the National Office of the Defendant Agency. Accordingly, venue

properly lies with the United States District Court for the District of Columbia.

### PARTIES

1

3.      Plaintiff EDNA VANCE (hereinafter "Plaintiff" or "Ms. Vance" is a citizen of the United States, domiciled and residing in the District of Columbia. She is an African-America female, over forty years of age. At all times relevant to this action, Plaintiff was, and still is, an employee of the Defendant entitled to Title VII protection under 42 U.S.C. §2000e-16(a).

4.      Defendant ELAINE CHAO (hereinafter "Defendant" or "Agency") is Secretary of the U.S. Department of Labor, of which the Occupational Safety and Health Administration, Division of Statistics Design, Evaluation & Quality Management in the Office of the Assistant Secretary, is a component. The Agency is subject to the prohibitions against discrimination stated in Title VII pursuant to 42 U.S.C. §2000e-16.

**FACTS**

5.      Plaintiff began her employment with the Agency on or about 1975. She continued employment without interruption and at all times relevant to this Complaint, has held the position of Program Analyst, GS14, in the Office of Statistics, Division of Statistics Design, Evaluation & Quality Management, Office of the Assistant Secretary, Occupational Safety & Health Administration of the U.S. Department of Labor in Washington, D.C.

6.      On or about June 10, 1998, Ms. Vance filed an informal EEO complaint alleging discrimination in employment. A formal complaint was filed on or about September 9, 1998.

2

7.    On or about May 17, 1999, Plaintiff Vance filed a civil complaint for discrimination in the U.S. District Court for the District of Columbia.[1]  This action is still pending.

8.    On or about April 4, 2000, Defendant presented Ms. Vance with a performance appraisal for the period of March 1, 1999, through February 29, 2000, rating her performance against signed standards and elements presented to her on January 7, 2000.

9.    Defendant further violated procedures for the issuance of performance appraisals by backdating the standards and elements applied to Plaintiff's performance and using incorrect or inappropriate information to rate that performance.

10.    Defendant then reduced Plaintiff's overall performance rating based on the newly issued performance standards and job elements.

11.    These actions were taken against Plaintiff in retaliation and/or reprisal for Plaintiff's participation in a protected activity, specifically, the prior filing of an EEO complaint against Defendant.

12.    Plaintiff filed an informal complaint alleging retaliation/reprisal on or about May 11, 2000.

13.    Plaintiff filed her formal complaint alleging retaliation/reprisal on or about August 25, 2000.

14.    The Agency issued a final agency decision on September 13, 2002, which Plaintiff received September 16, 2002.

---

[1] Civil Action No. 99-CV-01178 (AK) in the U.S. District Court for the District of Columbia.

3

15.     Plaintiff has exhausted all required administrative remedies.

## COUNT I
### RETALIATION/REPRISAL

16.     Defendant presented Plaintiff with a performance appraisal based on inappropriate job elements and performance standards and incorrect information because she had previously filed an EEO complaint alleging discrimination.

17.     Defendant further downgraded Plaintiff's performance rating based on inappropriate elements and standards and incorrect information because she had previously filed an EEO complaint alleging discrimination.

18.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, and other pecuniary and nonpecuniary losses.

WHEREFORE, Plaintiff respectfully prays this Court to:

A.     Enter judgment in favor of Plaintiff and against Defendant;

B.     Declare that the Defendant's actions and omissions violated Plaintiff's rights under 42 U.S.C. §§2000e-3(a), 2000e-16(a);

C.     Award Plaintiff full back pay and benefits and to otherwise make her whole;

D.     Award Plaintiff compensatory damages for her lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, and other pecuniary and nonpecuniary losses in the amount to be determined by the jury at trial;

4

E.    Award Plaintiff her reasonable attorneys' fees and all costs and expenses incurred in connection with this action; and

F.    Grant Plaintiff appropriate, additional or alternative relief as is just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Lisa Smith Sanders, Esq.
DC Bar No. 417162
Sanders & Sanders
14452 Old Mill Road, Suite 101
P. O. Box 1429
Upper Marlboro, MD  20773
301.574.1338
301.574.1435 fax
sandlaw1@earthlink.net
Attorney for Plaintiff

5

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **EDNA VANCE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **02-2480 (GK)** |
| **ELAINE CHAO, Secretary of** | : | |
| **U.S. Department of Labor,** | : | |
| | : | |
| **Defendant.** | : | |

### MEMORANDUM OPINION

Plaintiff, Edna Vance, brings this action against Elaine Chao, Secretary of the U.S. Department of Labor ("DOL"), for violation of Title VII of the Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C. § 2000e et seq. The matter is now before the Court on Defendant's Motion to Dismiss. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, for the reasons stated below, Defendant's Motion to Dismiss is **granted.**

### I.   BACKGROUND

Plaintiff, an African-American female over the age of forty, has been employed by the Department of Labor since 1975. At all times relevant to the Complaint, Plaintiff held the position of Program Analyst in the Office of Statistics, Division of Statistics Design, Evaluation & Quality Management, Office of the Assistant Secretary, Occupational Safety & Health Administration.

On June 10, 1998, Plaintiff filed an informal Equal Employment Opportunity ("EEO") complaint alleging employment discrimination.[1] Plaintiff filed a formal complaint on September 9, 1998.

On April 4, 2000, Defendant gave Plaintiff a performance appraisal for the period of March 1, 1999, through February 29, 2000. Plaintiff alleges that Defendant downgraded her performance appraisal in retaliation for her filing the EEO complaints in June and September of 1998.

Plaintiff filed an informal EEO complaint alleging retaliation on May 11, 2000, and filed the formal retaliation complaint on August 25, 2000. On September 13, 2002, the DOL denied Plaintiff's retaliation complaint, thereby issuing a final agency decision.

## II.  STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. See Shear v. National Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

---

[1] Plaintiff's Complaint does not specify the facts underlying her EEO complaint.

## III. PLAINTIFF'S COMPLAINT IS TIME-BARRED

A complainant, such as Plaintiff, who receives an adverse final decision from the agency, may appeal that decision to the Equal Employment Opportunity Commission ("EEOC") within thirty days, or may file a civil action in district court within ninety days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. 1614.408.

It is well settled that compliance with these procedures is mandatory. "'Strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 825 (1980)); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) ("Complainants must timely exhaust these administrative remedies before bringing their claims to court.").

Here, it is undisputed that Plaintiff received the final agency decision on her retaliation complaint on September 16, 2002. Pursuant to 42 U.S.C. § 2000e-16(c), Plaintiff was required to file the present action by December 16, 2002.

Plaintiff's Complaint was not date stamped by the Clerk's Office until December 17, 2002, ninety one days after the final agency decision. Plaintiff contends that she filed the Complaint on December 16, after official Court hours, but before midnight. Although the local rules of this Court permit the filing of

-3-

pleadings after Court hours, pleadings are date and time stamped by the Clerk's Office when they are received after hours. This stamp serves as proof that the pleadings were filed on a particular date and time.

Here, Plaintiff's Complaint does not have a December 16 date and time stamp. While Plaintiff contends that a courier submitted the Complaint to the Clerk's Office before midnight on December 16, there is no evidence---in particular, a December 16 date stamp from the Clerk's Office---that the Complaint was actually delivered to the Court on that date.

Although compliance with the ninety day deadline is mandatory, such time limits may be tolled in limited circumstances. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[f]ederal courts typically extended equitable relief only sparingly"). The Supreme Court has asserted that equitable tolling is permitted "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. The Irwin Court cautioned, however, that such tolling is not permitted "where the claimant failed to exercise due diligence in preserving h[er] legal rights." Id. In this case, Plaintiff has not alleged that she filed a defective pleading within the

-4-

statutory time period, or that she was deceived by Defendant's misconduct.    Instead, Plaintiff contends that she filed the Complaint within the statutory time period, but there is no evidence supporting her contention.

In sum, because Plaintiff has not met the <u>Irwin</u> standard for equitable tolling and because she failed to comply with the strict ninety day time limit for filing her Complaint, Plaintiff's claims must be dismissed as untimely.[2]    See <u>Smith v. Dalton</u>, 971 F.Supp. 1, 2-3 (D.D.C. 1997) (dismissing as untimely pro se Title VII complaint filed on 91st day); <u>Tyler v. Henderson</u>, 2001 WL 194930 (D.D.C. Feb. 22, 2001) (dismissing as untimely Title VII claims filed on 94th day).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted.**

An Order will issue with this Opinion.

_____    _____
Date                                     Gladys Kessler
                                              U.S. District Judge

_____

[2]    Because the Court concludes that Plaintiff's Complaint is untimely, it need not address Defendant's additional argument that Plaintiff cannot establish causation.

-5-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **EDNA VANCE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **02-2480 (GK)** |
| **ELAINE CHAO, Secretary of** | : | |
| **U.S. Department of Labor,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Plaintiff, Edna Vance, brings this action against Elaine Chao, Secretary of the U.S. Department of Labor, for violation of Title VII of the Civil Rights Act of 1964, § 701 <u>et seq.</u>, as amended, 42 U.S.C. § 2000e <u>et seq</u>.  The matter is now before the Court on Defendant's Motion to Dismiss.  Upon consideration of the Motion, Opposition, Reply, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion, it is this ____ day of July 2003, hereby

**ORDERED**, that Defendant's Motion to dismiss [#5] is **granted.**

_____

Gladys Kessler

U.S. District Judge

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA L. VANCE                                    :
                                                 :
        Plaintiff                                :
                                                 :
v.                                               :
                                                 :
ELAINE L. CHAO, Secretary                        :       Civil Action No. 99-1178 (AK)
        U.S. Department of Labor,                :
                                                 :
        Defendant                                :
                                                 :

## THIRD NOTICE REGARDING ENFORCEMENT OF SETTLEMENT AGREEMENT

Plaintiff EDNA L. VANCE, by and through her attorney, hereby requests guidance or the intervention of the Court as to the enforcement of the settlement agreement purportedly resolving the above referenced matter.

1.    Ms. Vance and the Agency reached a settlement in principle regarding her claims for employment discrimination. The Agency had agreed, *inter alia*, to sponsor an appropriate Inter-agency Personnel Action, or IPA, while promoting Ms. Vance.

2.    The identification of an appropriate IPA, however, proved more difficult than expected. During the last telephone status conference with the Court, Ms. Vance was in the process of submitting a draft IPA proposal to the agency for consideration and approval.

3.    On or about July 2003, the Court closed the matter as being settled, based in part on the Agency's representation that it was prepared to "abide by the terms of the proposed settlement agreement." *See* Agency's Response to Motion to Reopen Case.

4.    Ms. Vance submitted a draft IPA proposal to the Agency for review and approval in July 2003. By November 2003, the Agency still had not taken any action on the IPA proposal. At the request of the Assistant U.S. Attorney, Plaintiff's counsel forwarded another copy of the IPA proposal. Again, Plaintiff received no response. This Spring, Marina Braswell, the AUSA assigned to the case, requested another copy of the IPA proposal.

5.    Ms. Vance, through counsel, filed a Notice Regarding Enforcement of Settlement Agreement on or about September 8, 2004, requesting the Court's guidance or intervention in this matter. The Court subsequently scheduled a mediation session with the parties for October 6, 2004.

6.    On October 5, 2004, Ms. Braswell notified the undersigned and the Court that the Agency completed its review of the IPA proposal but wanted to add

1

additional duties and responsibilities commensurate with the higher grade and step agreed to by the parties. Ms. Braswell indicated that the Agency would forward its recommended revisions within several days. Based on these representations, the parties agreed that the mediation session was not necessary at that time.

7.    On November 17, 2004, the Agency forwarded its recommended revisions; the undersigned forwarded a revised IPA description to Ms. Braswell after consulting with the NEA. The Agency has had the revised IPA description for consideration since about early February 2005.

8.    To date, however, the Agency has taken no further steps to finalize the IPA assignment or the settlement agreement with Ms. Vance. Counsel has been unable to reach Ms. Braswell for an update as to the Agency's intentions, and the parties are once again stymied in their ability to move forward with the settlement.

9.    Plaintiff is concerned that the Agency will not complete the settlement reached in September 2000 and that the delay since the Court closed this matter will unduly prejudice her position.

WHEREFORE, Plaintiff again respectfully requests the Court's guidance or intervention regarding the Agency's apparent refusal to proceed with the settlement before filing a motion to reopen or a separate complaint to enforce settlement. The settlement agreement was silent as to how a breach of the agreement should be handled.

Respectfully submitted,


_____/s/_____
Lisa Smith Sanders, Esq.
DC Bar No. 417142
SANDERS & SANDERS
14452 Old Mill Road, Suite 101
P. O. Box 1429
Upper Marlboro, MD  20773
(301) 574-1338

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2005, I have caused the foregoing Notice to be delivered by electronic transmission to the following attorney(s) of record:

Marina Braswell
Assistant United States Attorney
Judiciary Center Building, 10th Floor
555 Fourth Street, N.W.
Washington, DC  20530

_____/s/_____

Lisa Smith Sanders, Esq.

.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EDNA L. VANCE,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.: 07-0002 (ESH)** |
| ) | |
| **v.** ) | |
| ) | |
| **ELAINE CHAO, SECRETARY,** ) | |
| **U.S. Department of Labor,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter having come before the Court on Defendant's Motion to Dismiss it is hereby

**ORDERED** that Defendant's Motion to Dismiss is hereby **GRANTED**.  It is further

**ORDERED** that Plaintiff's Complaint is dismissed in its entirety with prejudice.

**SO ORDERED** on this ___ day of _____, 200__.

_____
UNITED STATES DISTRICT JUDGE