IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA L. VANCE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ELAINE CHAO, SECRETARY,** )<br>**U.S. Department of Labor,** )<br>)<br>Defendant. )<br>) | Civil Action No.: 07-0002 (ESH) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF**
**HER MOTION TO DISMISS**

Defendant Elaine Chao, Secretary of the United States Department of Labor, respectfully submits this reply brief in further support of her motion to dismiss the complaint.

While dismissal may no longer be warranted on timeliness grounds,[1] pursuant to Federal Rule of Civil Procedure 12(b)(6), it is apparent that dismissal is warranted based on Plaintiff's failure to assert a viable claim for retaliation. Plaintiff's opposition to Defendant's motion for dismissal does little to nothing to refute Defendant's argument that she has failed to state a claim of retaliation that entitles her to relief. Instead, Plaintiff has attached her voluminous administrative affidavit and exhibits, materials that are not properly before the Court when deciding a motion to dismiss, and makes conclusory arguments in support of her claim. When judged by the standards applicable to Title VII claims of retaliation, it becomes quite apparent that Plaintiff's complaint does not pass muster.

---

[1] Plaintiff correctly notes that January 2, 2007, was declared a national day of mourning for former President Gerald Ford. Because this is not a recurring legal holiday, when referring to the calendar to calculate the time for Plaintiff's filing, Defendant's counsel neglected to exclude this day from the calculation. Defendant therefore withdraws her timeliness argument.

**ARGUMENT**

I.     **The Proper Standard of Review of a Motion to Dismiss.**

Plaintiff contends that dismissal of her complaint is not justified "unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n") at 4 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, as Defendant noted in her motion to dismiss, the Supreme Court has recently expounded on the oft-quoted standard for dismissal contained in Conley, 355 U.S. at 41, noting that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted) (emphasis added). Thus, in order for a complaint to survive dismissal, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. (citations omitted). This requires a plaintiff seeking to avoid dismissal to state "circumstances, occurrences and events" that support the legal claim presented rather than merely make a "bare averment" that he is entitled to relief. Id. at 1965 n.3. Dismissal is required if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. As further discussed infra, Plaintiff's complaint does not satisfy the Twombly standard because she has failed to assert actions that are sufficient as a matter of law to establish claims of retaliation.

It is worth repeating that when reviewing a motion to dismiss, the Court is permitted to consider the facts as alleged in the complaint, as well as documents incorporated

2

into the complaint by reference, and matters of which judicial notice may be taken.  See Wagener v. SBC Pension Benefit Plan, 407 F.3d 395, 397 (D.C. Cir. 2005)  (noting that in reviewing district court's grant of motion to dismiss, the court could refer to "exhibits attached to, and the documents incorporated by reference in, the complaint."); Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004) (court could consider documents that "are public records subject to judicial notice on a motion to dismiss.") (citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997) (other citations omitted).  See also Thompson v. District of Columbia, 478 F. Supp. 2d 5, 10 & n.2  (D.D.C. 2007) ("Courts may take judicial notice of 'public documents, even if they are not included in, or attached to the complaint. . . . Consideration of such judicially noticeable documents does not convert this motion to one for summary judgment.") (citations omitted).  Defendant has attached documents to her motion for dismissal, however, those documents are of such a nature that they can be considered by the Court without converting the motion seeking dismissal into one seeking summary judgment.  Id. Plaintiff, on the other hand, has submitted her voluminous affidavit from the administrative stage of the litigation, including numerous exhibits.  There is absolutely no basis for the Court to consider these documents in resolving Defendant's motion to dismiss and Plaintiff offers no basis upon which her affidavit and exhibits can be considered by the Court.  Accordingly, the Court should disregard Plaintiff's affidavit when resolving Defendant's motion to dismiss.[2]

---

[2] The Court should disregard Plaintiff's affidavit for an additional reason – throughout her opposition to Defendant's motion, although citing to her affidavit, Plaintiff repeatedly fails to provide any page citations to the relevant portions of her 114 page exhibit.  See, e.g., Pl.'s Opp'n at 1-3; 8.  Plaintiff's broad references to "Exhibit 1, Complainant's Affidavit" therefore, provide no support for her assertions.

**II.     Plaintiff Cannot Establish a Prima Facie Case of Retaliation.**

To establish a prima facie case of retaliation under Title VII, Plaintiff must show that (1) she engaged in protected behavior; (2) her employer took an action against her with material consequences such that it would "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination[,]" and (3) there is a causal link between the employer's action and the plaintiff's protected activity.  Rochon v. Gonzales, 438 F.3d 1211, 1219-21 (D.C. Cir. 2006).  At issue in this case is whether Plaintiff can satisfy the last two elements of her prima facie case of retaliation.  Id.[3]  As previously argued, Plaintiff cannot satisfy the last two of these requirements and dismissal is warranted.

**A.     Plaintiff Has Not Suffered Any Material Consequences.**

In her complaint, Plaintiff contends that she suffered retaliation based on two acts:[4]

> Defendant presented Plaintiff with a performance appraisal based on inappropriate job elements and performance standards and incorrect information because [Plaintiff] had previously filed an EEO complaint alleging discrimination.
>
> Further, Defendant imposed a 90-day performance plan on Plaintiff without

---

[3]As Defendant previously indicated, for purposes of this motion, Defendant does not dispute that Plaintiff engaged in protected activity when she engaged in settlement discussions regarding her prior complaint of discrimination.  Defendant's Memorandum of Law in Support of her Motion to Dismiss ("Def.'s Mem.") at 7.

[4]While Plaintiff contends in her opposition that she was denied a performance award, and mentions this award in paragraph 10 of her complaint, Plaintiff does not incorporate the allegation concerning the denial of the award in Count I of her complaint.  As will be further discussed, infra, this fact may be due to Plaintiff's later receipt of a performance award for the applicable period.  See Ex. 1, Notification of Personnel Action.  This document may be considered by the Court on a motion to dismiss because the performance award is referred to in Plaintiff's complaint and is central to her claim. Compl. ¶ 10.  See Wagener, 407 F.3d at 397 (noting that in reviewing district court's grant of motion to dismiss, the court could refer to "exhibits attached to, and the documents incorporated by reference in, the complaint.").

> justification because [Plaintiff] had previously filed an EEO complaint alleging discrimination.

Compl. ¶¶ 16 & 17.  Therefore, at issue is whether Plaintiff suffered materially adverse consequences as a result of not being evaluated based on standards that she contends were inappropriate and as a result of being placed on a 90-day performance plan.  The short answer is no, she did not.

At no time in her Complaint or in her opposition to Defendant's motion to dismiss does Plaintiff allege that she received a negative evaluation as a result of the Defendant's actions.  Nor does she contend that allegedly being placed on a performance plan caused her any adverse consequences – her grade and pay status did not change and her job responsibilities did not change nor were they downgraded.  Cf. Taylor v. Small, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (holding that plaintiff did not suffer an adverse employment action by being placed on a performance improvement plan because it did not affect her grade or salary; nor was there any 'significant change in [the plaintiff's] employment status.'").  Thus, this case is distinguishable from cases where this Court has found that the plaintiff may have suffered materially adverse consequences sufficient to support a claim of retaliation.  For example, in Richardson v. Gutierrez, 477 F. Supp. 2d 22, 26 (D.D.C. 2007) (Huvelle, J.), in denying defendant's motion for summary judgment, the Court found that there were fact issues concerning whether plaintiff had suffered adverse consequences where plaintiff alleged that she had received an unfavorable performance review and had been reassigned to another position for 120 days that deprived plaintiff of all of her supervisory authority.  The Court held that "[b]eing stripped of all supervisory authority may, taken alone, constitute a materially adverse action." Id. at 28.  In addition, the Court noted that "a jury could find an adverse action based on plaintiff's

5

unfavorable mid-term evaluation." Id. at 29 (citation omitted).  Cf. Holcomb v. Powell, 433 F.3d 889, 902 (D.C. Cir. 2006) (holding that jury could conclude that plaintiff suffered 'objectively tangible harm' where she experienced "an extraordinary reduction in responsibilities that persisted for years . . . .").

  This case is not like Richardson or Holcomb because Plaintiff does not allege that there were any changes in her responsibilities or that she received a negative evaluation as a result of the Defendant's actions.⁵  In fact, a close look at her complaint reveals that she does not allege to have suffered any negative consequences.  Dismissal is warranted in this case.  See, e.g., Mayers v. Laborers' Health & Safety Fund, 478 F.3d 364, 369 (D.C. Cir. 2007) (holding that retaliation claim "faile[ed] on the merits . . ." because plaintiff failed to allege that the alleged retaliatory project she was assigned "increased her workload above and beyond what ordinarily was expected of her.").  See also Rattigan v. Gonzales, No. Civ.A. 04-2009, 2007 WL 1577855, at *14 (D.D.C. May 31, 2007) (Huvelle, J.) (holding that lack of notice concerning another employee's trip, the fact that plaintiff's trip was initially cancelled but he was subsequently permitted to travel, and the denial of plaintiff's request for additional support did not establish claims of retaliation because these actions did not have materially adverse consequences for the plaintiff).

  Furthermore, to the extent that Plaintiff bases her claim on the alleged denial of a performance award, see ftnt. 4, supra, the undisputed evidence establishes that Plaintiff did

---

⁵To the extent that Plaintiff contends in her opposition that placement on a performance plan "suggests sub-standard performance . . . ." Pl.'s Opp'n at 7, the District of Columbia Circuit has indicated that "purely subjective injuries, such as dissatisfaction with a reassignment, public humiliation, or loss of reputation, are not adverse actions . . . ." Holcomb, 433 F.3d at 902.

eventually receive a $2,000 performance award effective August 1, 2005. Ex. 1. Thus, any alleged denial of an award has been remedied and there can be no argument that Plaintiff has suffered materially adverse consequences as it concerns the payment of a performance award. Cf. Taylor, 350 F.3d at 1293 (holding that employer corrected adverse employment action where plaintiff's evaluation was corrected and she was "paid the proper bonus before . . ." filing suit and holding that "[a]n employer may cure an adverse employment action – at least one of the sort here alleged – before that action is the subject of litigation.") (citation omitted). See Rattigan, 2007 WL 1577855, at *14 (holding that plaintiff failed to assert a claim of retaliation based on the decision to cancel plaintiff's trip where decision was "reversed shortly thereafter" and plaintiff was permitted to take the planned trip "albeit somewhat later than originally planned."). For these reasons, Plaintiff cannot demonstrate that she suffered any materially adverse consequences as a result of the Defendant's actions and dismissal is warranted.[6]

### B. Plaintiff Cannot Establish a Causal Connection Between Her Protected Activity and the Alleged Retaliation.

As Defendant previously argued, "[t]he cases that accept mere temporal proximity

---

[6] While Plaintiff makes reference to a "downgraded performance appraisal" in her opposition to Defendant's motion to dismiss, no such allegation is made in her current complaint. Rather, her current complaint contends "Defendant violated the procedures for the issuance of performance appraisals by altering the standards and elements applied to Plaintiff's performance, using incorrect or inappropriate information to rate that performance and putting Ms. Vance on a 90-day performance plan without justification." Compl. ¶ 10. See also id. ¶ 16 (alleging that "Defendant presented Plaintiff with a performance appraisal based on inappropriate job elements and performance standards and incorrect information because she had previously filed an EEO complaint alleging discrimination."); id. ¶ 17 (alleging that "Defendant imposed a 90-day performance plan on Plaintiff without justification because she had previously filed an EEO complaint alleging discrimination."). Plaintiff cannot amend her complaint by virtue of making arguments in her opposition. In any event, Plaintiff does not, because she cannot, contend that she received a negative performance evaluation.

between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'"  Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (citations omitted) (emphasis added).  Thus, a period as short as two months has been held insufficient "to establish the temporal proximity necessary to show a causal connection." Baker v. Potter, 294 F. Supp. 2d 33, 41 (D.D.C. 2003) (citing Kipp v. Missouri Highway & Transportation Comm'n, 280 F.3d 893, 897 (8th Cir. 2002).[7]

Plaintiff contends that she can establish a causal connection in this case because, "[w]hile a number of months may separate the filing of Plaintiff's first civil action and the filing of the instant complaint, the activity culminating in the breakdown of settlement efforts in the fall and winter of 2004 lies in close temporal proximity to the downgraded performance evaluation, loss of performance award, implementation of a 90-day performance plan, and imposition of unclear performance standards against which Plaintiff would be judged."  Pl.'s Opp'n at 8.

Plaintiff points to no evidence and makes no argument that undermines Defendant's argument that by November 2004, all settlement efforts had apparently failed, and the actions of which Plaintiff complains did not occur until January 2005, over two months after settlement had failed.  See Def.'s Mem. at 10.  At all events, Plaintiff's prior complaint was filed in 1999, over eight years prior to this current action, Def.'s Mem., Ex. A, and it appears settlement discussions

---

[7]While Plaintiff contends that "[t]he absence of proximity . . . does not defeat proof of a causal connection; it merely means Plaintiff must show additional evidence linking the adverse action and the protected activity . . .[,]" Pl.'s Opp'n at 8, Plaintiff does not provide any such "additional evidence."  Rather, she cites to her affidavit, which, as noted previously, supra at 2-3, is not properly before the Court on Defendant's motion for dismissal.  In any event, Plaintiff does not even provide a page citation on which this evidence she is referring to can be found. Pl.'s Opp'n at 8.

occurred in 2003 through November 2004.  Id.  Clearly, looking at the time of Plaintiff's filing of her prior complaint in 1999 and settlement discussions that occurred in 2003, there is no basis for finding a causal connection in this case.  See, e.g., Mayers, 478 F.3d at 369 (holding that "the eight or nine-month gap between the final protected activity–either the physician's March 2000 letter or Mayers's April 2000 conversation . . . and the early January 2001 project is far too long.") (citation omitted).

Finally, there is no other basis upon which to find any causality in this case.  Plaintiff does not contend in her complaint that the manager responsible for her appraisal and her alleged placement on a performance plan was even aware of her protected activity.  See, e.g., Timmons v. United States Capitol Police Bd., 407 F. Supp. 2d 8, 12 (D.D.C. 2005) (no inference of causality to support retaliation claim where "the plaintiff . . . offered no evidence that [the relevant] supervisors knew of his discrimination complaint.").  Dismissal is warranted because Plaintiff cannot establish the causal connection between her alleged protected activity and the allegedly adverse actions that occurred thereafter.

### III.  CONCLUSION

For the reasons set forth above and in Defendant's motion to dismiss, Plaintiff's one-count complaint in which she alleges a claim of retaliation should be dismissed in its entirety.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANTS

Of Counsel:

David Pena
Senior Trial Attorney
United States Department
of Labor
200 Constitution Avenue, NW
Washington, DC 20210

# EXHIBIT 1

08/02/2005 14:30 FAX ☒002

# NOTIFICATION OF PERSONNEL ACTION

Standard Form 50
Rev 2/91
U.S. Office of Personnel Management
Guide to Processing Personnel Actions, Chapter 4

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Vance, Edna L | | | 08-01-2005 |

### FIRST ACTION

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 840 | Individual Cash |

| 5-C. Code | 5-D. Legal Authority |
|---|---|
| | |

| 5-E. Code | 5-F. Legal Authority |
|---|---|
| | |

### SECOND ACTION

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |

| 6-C. Code | 6-D. Legal Authority |
|---|---|
| | |

| 6-E. Code | 6-F. Legal Authority |
|---|---|
| | |

7. FROM: Position Title and Number

15. TO: Position Title and Number
PROGRAM ANALYST
Job Code (PD): K00196

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | $2,000.00 | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

14. Name and Location of Position's Organization

22. Name and Location of Position's Organization
Occupational Safety and Health Administration
OFFICE OF THE ASSISTANT SECRETARY
DIR OF EVALUATION AND ANALYSIS
OFC OF STATISTICAL ANALYSIS

### EMPLOYEE DATA

| 23. Veterans Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|
| 2 | 1-None  3-10 Point/Disability  5-10 Point/Other<br>2-5 Point  4-10 Point/Compensable  6-10 Point/Compensable/30% | 1 | 0-None  2-Conditional<br>1-Permanent  3-Indefinite | X YES ☐ NO |

| 27. FEGLI | | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|---|
| C0 | Basic Only | 9  Not Applicable | |

| 30. Retirement Plan | | 31. Service Comp. Date (Leave) | 32. Work Schedule | | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|---|---|
| 1 | CSRS | 08-06-1967 | F | Full Time | |

### POSITION DATA

| 34. Position Occupied | | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|---|
| 1 | 1-Competitive Service  3-SES General<br>2-Excepted Service  4-SES Career Reserved | B  E-Exempt<br>N-Nonexempt | F054SYBQ250001101000 | 0010 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 110010001 | WASHINGTON Dist Columbia DC USA |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | PAR Number: |

45. Remarks

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| U.S. Department of Labor | [signature] Douglas S Goodell<br>HUMAN RESOURCES OFFICER |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | |
|---|---|---|---|
| DLSH | 3444 | 08-01-2005 | |

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Editions Prior to 7/91 Are Not Usable After 6/30/93

Exhibit F-9
Page 1 of 1 Pages