**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**EDNA L. VANCE,**                      )
                                        )
                **Plaintiff,**          )
                                        )
**v.**                                  )    **Civil Action No. 07-00002 (ESH)**
                                        )
**ELAINE CHAO,**                        )
**Secretary, U.S. Department of Labor,**)
                                        )
                **Defendant.**          )
_____ )

## MEMORANDUM OPINION

Plaintiff Edna L. Vance has brought suit alleging that, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Department of Labor improperly rated her performance, placed her on a performance plan, and denied her a performance award in retaliation for her having filed and pursued a prior employment discrimination lawsuit. Defendant has moved to dismiss for failure to state a claim upon which relief may be granted. For the reasons set forth herein, the Court will deny the motion.

## BACKGROUND

Plaintiff is an African-American woman who has been employed by the Department of Labor since approximately 1975. (Compl. ¶¶ 3, 5.) On May 17, 1999, she sued defendant alleging employment discrimination. (*Id.* ¶ 7.) The case was referred to Magistrate Judge Alan Kay, and, after the parties reached a tentative settlement in the fall of 2000, the case was dismissed. *Vance v. Chao*, No. 99-01178, Dismissal Order (D.D.C. July 15, 2003). Defendant, however, never ratified the settlement. (Compl. ¶ 7.) In September 2004, November 2004, and

- 1 -

June 2005, plaintiff filed notices with Judge Kay explaining that the settlement had not been finalized and seeking the court's guidance.  (*See* Def.'s Mem. in Supp. Ex. A.)[1]

In December 2002, while the suit before Judge Kay was pending, plaintiff filed a second action.  (Compl. ¶ 8.)  In her second suit, plaintiff alleged that she had received an improper performance appraisal in retaliation for having filed her first suit.  (*Id.*)  Because plaintiff's complaint was untimely, Judge Gladys Kessler dismissed the case.  *Vance v. Chao*, No. 02-02480, Mem. Op. (July 16, 2003).

Plaintiff initiated the present suit on January 3, 2007.[2]  She alleges that, on or about January 24, 2005, she was given a performance appraisal for the year 2004 using standards with which she had not previously been presented.  (*Id.* ¶ 9.)  Plaintiff further alleges that, as a result of her performance appraisal, she was placed on a ninety-day performance plan and denied a performance award.  (*Id.* ¶ 10.)  According to plaintiff, these actions were taken in retaliation for her participation in the suit before Judge Kay and her ongoing attempts to complete the settlement process.  (*Id.* ¶ 11.)

---

[1] Plaintiff's Exhibit A is the docket sheet from the action before Judge Kay, *Vance v. Chao*, No. 99-01178 (D.D.C.).  The Court may take judicial notice of public documents, such as court records, without converting a motion to dismiss into a motion for summary judgment.  *E.g.*, *Amons v. District of Columbia*, 231 F. Supp. 2d 109, 112 n.5 (D.D.C. 2002).

[2] Defendant initially argued that plaintiff's suit was untimely because more than ninety days had elapsed between plaintiff's receipt of the agency's final decision on September 28, 2006, and the filing of the complaint in this case.  *See* 29 C.F.R. § 1614.407(a) (providing that a lawsuit may be initiated within ninety days of the receipt of an agency decision if no administrative appeal has been filed).  Defendant calculated that the suit should have been filed by January 2, 2007.  (*See* Def.'s Mem. at 5-6.)  However, as plaintiff has correctly noted, January 2, 2007 was declared a national day of mourning for former president Gerald Ford.  *See* Exec. Order No. 13,421, 72 Fed. Reg. No. 2 at 425 (Dec. 28, 2006).  In light of this fact, defendant has withdrawn her argument that plaintiff's complaint was untimely.  (*See* Reply at 1 n.1.)

## ANALYSIS

### I.     Standard of Review

A case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. *Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995). However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl.*, 127 S. Ct. at 1965.

### II.     Discussion

The anti-retaliation provision of Title VII states as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). Thus, in order to establish a prima facie case of retaliation, plaintiff must demonstrate (1) that she engaged in protected activity and that (2) as a consequence (3) her employer took a materially adverse action against her. *E.g.*, *Weber v. Batista*, --- F.3d ---, ---, 2007 WL 2033254, at *4 (D.C. Cir. 2007). "Without conceding that [p]laintiff can meet the first

of the *prima facie* elements" (Def.'s Mem. at 7), defendant argues that this case must be dismissed because plaintiff has not alleged facts sufficient to meet the second two elements.

A.    **Adverse Action**

In the retaliation context, an adverse action is an action that produces an injury or harm such that it "might well" dissuade a reasonable worker from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2414-15 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). "[T]he significance of any given act of retaliation will often depend on the particular circumstances." *Id.* "[N]ormally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Id.*

Under the standard established in *White*, a negative performance evaluation may constitute an adverse action. *See Richardson v. Gutierrez*, 477 F. Supp. 2d 22, 29 (D.D.C. 2007) ("[A] jury could find an adverse action based on plaintiff's unfavorable mid-term evaluation."); *Howard v. Gutierrez*, 237 F.R.D. 310, 313 (D.D.C. 2006) ("The [plaintiff] has alleged numerous retaliatory actions taken against her in the workplace, including receiving a poor evaluation . . . ."). Moreover, as recently established by the D.C. Circuit, a performance evaluation constitutes an adverse action if the performance rating given, though not "adverse in an absolute sense," causes the employee to lose a performance award. *Weber*, --- F.3d at ---, 2007 WL 2033254, at *6 (quoting the district court judge).

Here, plaintiff alleges that defendant "alter[ed] the standards and elements applied to [her] performance, using incorrect or inappropriate information to rate that performance, . . . [put her] on a 90-day performance plan without justification[,] . . . . [and] denied [her] a performance award even though she was qualified for one." (Compl. ¶ 10.) Defendant argues that plaintiff's allegations, even if true, are insufficient because she has not expressly alleged that the improper

use of new performance standards caused her to receive a negative job appraisal, that being

placed on a performance plan adversely affected her, or that the denial of the performance award

"form[s] [a] basis of her claim."  (Def.'s Mem. at 8.) [3]

        While the complaint could be more artfully phrased, it is clear that, as a result of not

knowing the standards used in evaluating her performance, plaintiff claims that she received a

lower rating than she otherwise would have received, and that she was consequently denied a

bonus and placed on a plan to improve her performance.  *See Maljack*, 52 F.3d at 375 ("We

construe the complaint liberally in [plaintiff's] favor, taking all the facts alleged as true, and

giving [plaintiff] the benefit of all reasonable inferences from those facts.").  Thus, at this stage

of the proceedings, her allegations sufficiently allege an adverse action.

        **B.      Causation**

        Defendant further argues that this case must be dismissed because, given the length of

time that passed between the protected activity and the adverse action alleged, plaintiff cannot

demonstrate the necessary causal relationship.  According to defendant, once the case before

Judge Kay was dismissed in July 2003, plaintiff was no longer engaged in protected activity.

(*See* Def.'s Mem. at 9-10.)  Defendant further argues that, even if the three settlement notices

that plaintiff subsequently filed constitute protected activity, the time between when the last

---

        [3] Defendant's reply also challenges the truth of plaintiff's allegation that she was denied a
performance award.  (*See* Reply at 6-7.)  In support of this argument, defendant has attached to
her reply a document indicating that plaintiff received a performance bonus of $2000 on August
1, 2005.  (*See* Reply Ex. 1.)  In light of this document, defendant contends that the only arguably
adverse action has been cured.  (*See* Reply at 7 (citing *Taylor v. Small*, 350 F.3d 1286 (D.C. Cir.
2003), for the proposition that employment discrimination defendants may cure their conduct
before a lawsuit is filed).)  However, because neither party has requested that defendant's motion
be construed as a motion for summary judgment, the Court will not consider defendant's exhibit.
*See Thomas v. District of Columbia*, 887 F. Supp. 1, 5 n.1 (D.D.C. 1995) ("[T]he Court has
discretion not to accept matters outside the pleadings presented by any party in conjunction with
a Rule 12(b)(6) motion . . . .").

notice was filed on November 16, 2004, and plaintiff's performance evaluation on January 24, 2005, is too long to support an inference of causation. (*See id.* at 10-11.)

Because causation can be difficult to prove, a plaintiff may raise a presumption of causation by showing that the employer had knowledge of the protected activity and that the adverse action occurred soon thereafter. *Mitchell v. Baldridge*, 759 F.2d 80, 86 (D.C. Cir. 1985). As defendant correctly notes, a plaintiff wishing to rely on this presumption must allege that the protected activity and the adverse action occurred very close in time. *See, e.g.*, *Rattigan v. Gonzales*, No. 04-2009, 2007 WL 1577855, at *16 (D.D.C. May 31, 2007) ("This Court has often followed a three-month rule to establish causation on the basis of temporal proximity alone.").

Critically, however, a plaintiff is not obligated to rely on the presumption of causation. A plaintiff may also put forward direct evidence and disregard the presumption and its time limitations. *See Timmons v. U.S. Capitol Police Bd.*, 407 F. Supp. 2d 8, 12 (D.D.C. 2005) ("The plaintiff can make this showing through direct or circumstantial evidence."); *Brown v. Snow*, 407 F. Supp. 2d 61, 66 (D.D.C. 2005) ("To demonstrate causation *in the absence of direct evidence*, . . . the plaintiff must show that the employer knew of the protected activity and that the adverse action occurred soon thereafter." (emphasis added)); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("[I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case."). *But see Chandamuri v. Georgetown Univ.*, 274 F. Supp. 2d 71, 85 (D.D.C. 2003) (concluding, on a

motion to dismiss, that the plaintiff would never be able to prove retaliation because of the length of time between the protected activity and adverse action alleged).

At this early stage of the proceedings, plaintiff can meet her *prima facie* burden of causation simply by alleging that the adverse actions were caused by her protected activity.[4] Plaintiff has satisfied her burden by stating that the adverse actions "were taken against [her] in retaliation and/or reprisal for [her] participation in a protected activity, specifically, the prior filing of an EEO complaint against [d]efendant and the drawn-out settlement process in that action." (Compl. ¶ 11.)

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be denied. A separate order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 2, 2007

---

[4] Defendant will have an opportunity to challenge the sufficiency of plaintiff's evidence, but that moment has not yet arrived. *Compare ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991) ("Rule 12(b)(6) is not a device for testing the truth of what is asserted or for determining whether a plaintiff has any evidence to back up what is in the complaint.") *with Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").