IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA L. VANCE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ELAINE CHAO, Secretary, United** )<br>**States Department of Labor,** )<br>)<br>**Defendant.** )<br>) | Civil Action No.: 07-0002 (ESH) |

## ANSWER

Defendant, Elaine Chao, in her official capacity as head of the United States Department of Labor ("Defendant"), through the undersigned counsel, hereby answers the complaint filed in the above-styled action.

Defendant responds to the corresponding numbered paragraphs of the complaint by admitting, denying or stating the following:

1. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

2. Defendant admits that plaintiff was an employee of defendant in defendant's national office in Washington D.C. from at least 1995 until December, 2005. The remaining allegations of this paragraph contain Plaintiff's allegations as to venue, a conclusion of law to which no response is required.

3. Defendant admits that plaintiff is a citizen of the United States but does not have sufficient information to answer the remaining allegations of the first sentence of this paragraph. Defendant admits that plaintiff is an African-American female over forty years of age. The

remaining allegations of this paragraph are conclusions of law to which no response is required.

4. Defendant admits that Elaine Chao is the Secretary of the United States Department of Labor, and that the Occupational Safety and Health Administration (OSHA) is an agency component of the Department of Labor. Defendant admits that during 2004 and 2005, plaintiff was employed in OSHA within the Directorate of Evaluation and Analysis, Office of Statistical Analysis. The final sentence of this paragraph contains conclusions of law to which no response is required.

5. Defendant admits that plaintiff held the position of Program Analyst, GS-14-343 in OSHA within the Directorate of Evaluation and Analysis, Office of Statistical Analysis from January 1997 until December 2005, when she separated from federal service. Defendant denies the remaining allegations contained in paragraph 5 of the complaint.

6. Defendant admits the allegations contained in paragraph 6 of the complaint.

7. Defendant admits that plaintiff filed a complaint in this Court on or about May 17, 1999 styled as Vance v. Chao, Civil Action No. 99-1178 (AK), and the case was dismissed with prejudice by Magistrate Judge Kay on July 15, 2003. Defendant denies the remaining allegations contained in paragraph 7 of the complaint.

8. Defendant admits that plaintiff filed informal and formal complaints of discrimination in May and August 2000, respectively, in which she alleged retaliation with respect to a performance evaluation. The Department of Labor's Civil Rights Center issued a final agency decision finding no discrimination in 2002. Defendant admits that plaintiff filed a civil action in this Court in December 2002 styled Vance v. Chao, Civil Action No. 02-2480 (GK), that involved the same allegations raised in her informal and formal complaints of discrimination. Judge Kessler granted defendant's motion to dismiss because plaintiff failed to

file her complaint within 90 days. Defendant denies the remaining allegations of this paragraph.

9. Defendant admits that on or about January 24, 2005, plaintiff was presented with a performance evaluation by her supervisor regarding her job performance for the period ending September 30, 2004. Defendant admits that this evaluation replaced an evaluation that had been presented to plaintiff by her supervisor in December 2004 that had been prepared on an incorrect form. Defendant denies the remaining allegations contained in paragraph 9 of the complaint.

10. Defendant denies the allegations contained in the first sentence of paragraph 10 of the complaint. The second sentence of this paragraph contains a conclusion of law to which no response is required. To the extent a response is required, defendant denies this allegation.

11. The allegations contained in paragraph 11 of the complaint are conclusions of law to which no response is required. To the extent a response is required, defendant denies these allegations.

12. Defendant admits the allegations contained in paragraph 12 of the complaint.

13. Defendant admits the allegations contained in paragraph 13 of the complaint.

14. Defendant admits that a final agency decision was issued by the Civil Rights Center regarding plaintiff's claims of discrimination on September 28, 2006, was mailed by overnight mail to plaintiff on September 29, 2006, and was received by plaintiff on October 2, 2006.

15. The allegations contained in paragraph 15 of the complaint are conclusions of law to which no response is required. To the extent a response is required, defendant denies these allegations.

16. The allegations contained in paragraph 16 of the complaint are conclusions of law to which no response is required. To the extent a response is required, defendant denies these

allegations.

17.     The allegations contained in paragraph 17 of the complaint are conclusions of law to which no response is required.  To the extent a response is required, defendant denies these allegations.

18.     The allegations contained in paragraph 18 of the complaint are conclusions of law to which no response is required.  To the extent a response is required, defendant denies these allegations.

The remainder of the complaint consists of plaintiff's prayer for relief to which no response is required.  To the extent a response is required, defendant states that plaintiff is not entitled to the relief requested or to any relief whatsoever.  Defendant further avers that any award of compensatory damages for plaintiff's Title VII claim would be subject to and limited by § 42 U.S.C. § 1981a and that exemplary damages may not be awarded in this action.

All allegations contained in the complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

## **FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**WHEREFORE**, defendant requests that the Court dismiss the complaint and award defendant such other relief as the Court may deem appropriate, including costs.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

       /s/ Rudolph Contreras  
       RUDOLPH CONTRERAS, D.C. BAR #  434122  
       Assistant United States Attorney  

       /s/ Michelle N. Johnson  
       MICHELLE N. JOHNSON, D.C. BAR # 491910  
       Assistant United States Attorney  
       United States Attorney's Office  
       Civil Division  
       555 4th Street, N.W. – Room E4212  
       Washington, D.C. 20530  
       (202) 514-7139  

       COUNSEL FOR DEFENDANT

Of Counsel:

David Pena  
Senior Trial Attorney  
United States Department  
of Labor  
200 Constitution Avenue, NW  
Washington, DC 20210