IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **EDNA VANCE**, ) |  |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | Civil Action No. 07-0002 (ESH) |
| ) |  |
| **ELAINE CHAO,** Secretary, ) |  |
| United States Department of Labor, ) |  |
| ) |  |
| Defendant. ) |  |

## JOINT RULE 16.3 REPORT

The parties have conferred in accordance with Local Civil Rule 16.3(c) and Federal Rule of Civil Procedure 26(f). Accordingly, the parties file the following report:

Joint Statement of the Case: This is an employment discrimination case regarding alleged retaliation. Plaintiff contends that she was retaliated against as a result of her prior protected activity. This retaliation consisted of being presented with a performance appraisal based on allegedly inappropriate job elements and performance standards and incorrect information. Plaintiff also contends she was subjected to an unwarranted 90-day performance plan.

Statement of Jurisdiction: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

1. Dispositive Motions: Plaintiff does not expect to file a dispositive pleading. Defense counsel believes that after discovery, a dispositive motion will be appropriate.

2. Joinder/Amendment/Narrowing: The parties do not anticipate the necessity to join third parties or to amend the pleadings.

3. Assignment To Magistrate Judge: The parties do not consent to assignment of this case to a

magistrate judge for all purposes at this time.

4. Settlement Possibility: Plaintiff is open to settlement discussions at any time. Defendant believes settlement discussions should occur after initial discovery has been completed.

5. Alternative Dispute Procedures: Plaintiff is amenable to mediation with a magistrate judge at any time. Defendant is amenable to mediation or ADR at some point after there has been some discovery in this matter.

6. Dispositive Motions: Plaintiff does not believe that this case can be resolved by dispositive motion. Defendant's position is that after discovery, a dispositive motion may be filed. Defendant suggests that any post-discovery dispositive motion should be filed within 30 days after the close of discovery. The parties agree to abide by the local rules regarding the timing of any opposition(s) and/or replies.

7. Initial Disclosures: The parties agree that initial disclosures should be exchanged within 30 days of the Court's issuance of a scheduling order.

8. Discovery: The parties believe that 120 days is sufficient for discovery. The parties agree to abide by the Federal Rules of Civil Procedure and the local rules of this Court regarding the limits of discovery. The parties agree each side shall be limited to 25 interrogatories and 5 depositions. The parties agree that a protective order may be necessary at some point in this litigation in order to protect documents covered by the Privacy Act, 5 U.S.C. §552a; confidential medical records; and any other confidential documents and information.

9. Experts: The parties do not anticipate the need for expert testimony, although their positions may change during the course of discovery in this case.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: The parties do not see any need for bifurcation at this time.

12. <u>Proposed Date For The Pretrial Conference</u>: The parties believe that a pretrial conference should be set within 60 days following the close of discovery, or if a dispositive motion is filed, within 60 days following the ruling on such motion.

13. <u>Trial Date</u>: Should a trial be necessary in this case, the parties propose that the date should be set at the pretrial conference.

14. <u>Other Matters:</u> None.

                                    Respectfully submitted,

                                    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

                                    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT


                                    /s/ Lisa Smith Sanders
LISA SMITH SANDERS, D.C. BAR # 417142
Sanders & Sanders
14452 Old Mill Road, Suite 101
P.O. Box 1429
Upper Marlboro, MD 20775

COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **EDNA VANCE**, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 07-0002 (ESH) |
|  | ) |
| **ELAINE CHAO,** Secretary, | ) |
| United States Department of Labor, | ) |
|  | ) |
| Defendant. | ) |

**PROPOSED INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the parties' Joint Rule 16.3 Report and the entire record herein, it is this \_\_\_\_ day of _____, 2007 hereby,

ORDERED that the parties shall abide by the following dates, deadlines and limitations:

| | |
|---|---|
| Initial disclosures | 30 days from the date of this Order. |
| Close of all discovery | 120 days from the date of this Order. |
| Interrogatories | 25 per party. |
| Depositions | 5 per party. |
| Deadline for filing dispositive motions: | 30 days after close of discovery. |
| Pretrial Conference: | 60 days after discovery closes or 60 days after the Court rules on post-discovery dispositive motions. |

IT IS SO ORDERED.

Date: _____      _____
ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE